McCarthy v. Parker.

---

J. W. McCARTHY, *Appellee,* v. C. W. PARKER *et al., as Partners, etc.* (C. W. PARKER, *Appellant*).

No. 17,159.

HEADNOTE BY THE REPORTER.

MASTER AND SERVANT—*Evidence—Sufficiency to Show Employment.* In an action for wages as advance agent of a show, held that the evidence was sufficient to support a finding that the defendant was the employer of the plaintiff and was liable to him.

Appeal from Neosho district court. Opinion filed June 10, 1911. Affirmed.

*Farrelly & Evans,* and *C. L. Randall,* for the appellant.

*R. B. Smith, C. M. Brobst, John J. Jones,* and *James W. Reid,* for the appellee.

*Per Curiam:* McCarthy sued for wages due to him for services as advance agent for a show. It appeared that Parker was the owner of several traveling shows. These shows were operated by various persons under written contracts purporting to be leases of the paraphernalia pertaining thereto. One of these shows, designated as No. 2, had been operated by a Mr. Tyler, and the plaintiff had been working with it as advance agent. Tyler, being about to go west, arranged with Parker to leave part of the paraphernalia at Crawford, Neb., where it was received by Parker, who added it to another show—No. 4—under the management of Myers and Barkley, as lessees. Mr. Parker himself proceeded to Crawford, where this part of show No. 2 and show No. 4 were assembled, and plaintiff McCarthy claims that at that place he received his orders from Parker and went on the road as advance agent for show No. 4 as the employee of Parker. On the other hand, Parker claims that the directions he then gave were merely incidental to the service of McCarthy for Myers and Barkley, who were McCarthy's employers after the show No. 4 was so assembled. Employees in the latter show were paid by a treasurer accompanying it. Regular reports were made to Parker, from whom all advertising matter was obtained and who received a share of the receipts. After visiting several towns, show No. 4 was stranded at Chanute for lack of funds. The plaintiff thereupon brought this action against Parker and Myers and Barkley jointly.

It is not necessary to discuss the terms of the elaborate contract between Parker and Myers and Barkley. There is some evidence that Parker employed the plaintiff and set him to work. True, there was testimony to

the contrary, but this court can not disturb a finding if it is supported by any substantial evidence.

The plaintiff testified that Parker, after directing him to do some other work in transferring material from the cars, said:

"We are going to send you out ahead, and you had better go to Mr. Ward. . . . You go and see Mr. Ward; I am going to send you out right away.

"Ques. Did you go over and see Mr. Ward? Ans. . . . Yes, sir.

"Q. At that time you were working for Parker, were you not? A. Yes, sir. . . . I knew what my duties were going to be before I saw Mr. Ward. . . . Mr. Parker was going to use me as an agent."

Whether Parker was giving these directions as agent for Myers and Barkley or whether he was acting for himself to conserve his own interest in the venture were questions of fact. Besides this, other evidence was adduced tending to show that Parker employed men to work in other shows operating under contracts of the same form as the one managed by Myers and Barkley. If it be true that he was only a lessor, still he might employ men for service under the lessees if he saw fit to do so, and the finding of the district court that he did so in this instance can not be disturbed.

The judgment is affirmed.